**Hoke-D'Amico v. D'Amico**

*Henry O. Heiser III,* for plaintiff.
*Thomas E. Miller,* for defendant.

BIGHAM, *J.,* March 10, 2005—

## STATEMENT OF FACTS

This case began on May 24, 2004, when Karen L. Hoke-D'Amico (plaintiff) filed a divorce complaint including the following counts: (1) divorce (irretrievable breakdown), (2) equitable distribution, (3) alimony, and (4) alimony pendente lite, counsel fees and expenses. On September 9, 2004, John R. D'Amico (defendant), filed the affidavit of consent and waiver of notice required by Pa.R.C.P. 1920.72. On September 15, 2004, plaintiff's request for alimony pendente lite in the amount of $1,911 a month was granted. Prior to the alimony pendente lite award, defendant served plaintiff's counsel with defendant's filed affidavit of consent and waiver of notice, and requested that plaintiff promptly file her corresponding documents. Defendant was notified by plaintiff's attorney that plaintiff was mentally unable to file the affidavit. In response, defendant filed a petition to suspend plaintiff's alimony pendente lite effective September 17, 2004, the date plaintiff refused to file an affidavit of consent and waiver of notice. An evidentiary hearing was held by this court on December 3, 2004,

and subsequently an order of court was entered on January 3, 2005, directing the parties to submit memoranda of law on the issue of whether or not defendant's alimony pendente lite obligation should be suspended due to plaintiff's failure to file an affidavit of consent and waiver of notice. The memoranda were filed and the issue is presently before the court.

## LEGAL DISCUSSION

Alimony pendente lite provides a level playing ground for financially disadvantaged litigants who otherwise might be forced to settle or compromise their position because they financially are unable to litigate. Either party to a divorce proceeding is entitled to receive alimony pendente lite if there is a financial need. *Rueckert v. Rueckert,* 20 D.&C.3d 191 (Allegheny Cty. 1981). The net award is calculated solely based, "on the relative finances of the parties," without regard to fault. *Id.* at 195. So long as there is a pending divorce, alimony pendente lite is a possible resource. *Id.*

An unfortunate side-effect of an alimony pendente lite award is that sometimes the receiving party may lose its incentive to proceed with a divorce, especially if that party is receiving a substantial award. To allow a party to begin a divorce case and then allow that same party to effectively place it in neutral by refusing to file a necessary document, while continuing to collect a monthly check for alimony pendente lite, is unjust. The courts are not equipped with a remedy to order a party to proceed with a divorce. *Karchner v. Karchner,* 26 D.&C.3d 172 (Adams Cty. 1983). However, equity demands that the party either proceed with divorce and receive alimony

pendente lite or refuse to go forward with the divorce and not receive alimony pendente lite. A reasonable alternative is to bifurcate the divorce action, preserving the economic issues with alimony pendente lite continuing until all economic issues are resolved.

Presently, plaintiff's counsel objects to the filing of an affidavit of consent and a waiver of notice because his client is, "unable to litigate due to her health, which is out of control. It is not a matter of plaintiff voluntarily choosing not to proceed—she simply can't." (Plaintiff's memorandum in opposition to suspension of alimony pendente lite at p. 2.) In support of this proposition, plaintiff has produced two letters from health care providers stating that she is unable to work at this time due to her mental condition. The court does not take issue with the severity of plaintiff's precarious mental condition. However, this court cannot allow a litigant who sought the help of the judicial system and is receiving its protection to, "be permitted the benefits of a law [alimony pendente lite] whose spirit she is defying." *Reuckert,* cited above at 197. Therefore, plaintiff will be given until March 28, 2005, to sign and file the necessary documents required by 23 Pa.C.S. 3301(c), including, but not limited to, an affidavit of consent and a waiver of notice.[1] If plaintiff chooses not to file the requisite documents, then defendant's alimony pendente lite obligation will be suspended effective March 28, 2005. The court notes that the di-

---

1. The court notes that on March 28, 2005, a combined support and evidentiary hearing has been scheduled in the present case. Therefore, March 28, 2005, is not an arbitrary date decided by the court but rather it is a date selected for the convenience of the parties.

vorce action will not be terminated, thus providing an opportunity for defendant to file a counterclaim for divorce under 23 Pa.C.S. 3301(d).

Accordingly, the attached order will be entered.

## ORDER

And now, March 10, 2005, it is ordered that plaintiff has until March 28, 2005, to sign and file an affidavit of consent and a waiver of notice as required by 23 Pa.C.S. 3301(c). If plaintiff chooses not to file the requisite documents, then defendant's alimony pendente lite obligation will be suspended as of March 28, 2005.